O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

js-6

CIVIL MINUTES - GENERAL

| Case No. | **EDCV 10-1242 PSG (PLAx)** | Date | September 1, 2010 |
|---|---|---|---|
| Title | **Wells Fargo Bank, N.A. v. Charles Sanchez,** *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):             Attorneys Present for Defendant(s):

              Not Present                                                   Not Present

**Proceedings:**     **(In Chambers) Order REMANDING Case to State Court**


On June 17, 2010, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed this unlawful detainer action in state court against Defendant "Charles Sanchez and all unknown occupants" ("Defendant").  On August 18, 2010, Defendant removed the action to the United States District Court for the Central District of California.  The Court now remands for lack of subject matter jurisdiction.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Id.* at 567.

The Court observes, first, that there is no federal question jurisdiction here.  The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 10-1242 PSG (PLAx)** | Date | September 1, 2010 |
|---|---|---|---|
| Title | **Wells Fargo Bank, N.A. v. Charles Sanchez,** *et al.* | | |

necessarily depends on resolution of a substantial question of federal law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Here, Plaintiff's one cause of action is for unlawful detainer under state law. Thus, no federal question is presented on the face of the complaint.

To the extent that Defendant plans to raise defenses based on federal laws, the Court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Rec. Programs,* 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case.").

Finally, the Court observes that there is no diversity jurisdiction here. Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). The allegations of Plaintiff's complaint do not establish that there is complete diversity between the parties, and Defendant presents no argument, evidence, or authority indicating otherwise. Thus, Defendant has not carried the burden of establishing subject matter jurisdiction based on diversity. *See Gaus,* 980 F.2d at 566.

For the foregoing reasons, then, the Court REMANDS this action to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**